THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW HAMPSHIRE

| | |
|---|---|
| JON DANOS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRONTIER PROFESSIONAL )<br>BASEBALL, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:23-cv-00321-SM |

## JOINT PROPOSED DISCOVERY PLAN
## PURSUANT TO FED. R. CIV. P. 26(f)

Plaintiff Jon Danos ("Plaintiff") and Defendant Frontier Professional Baseball, Inc. ("Defendant") (collectively, the "Parties") jointly submit this Proposed Discovery Plan, pursuant to Fed. R. Civ. P. 26(f) and this Court's Notice of Pretrial Conference, dated June 26, 2023.

### DATE/PLACE OF CONFERENCE

Counsel for Plaintiff, Jeremy Walker, and Counsel for Defendant, Laura L. Carroll, conferred by telephone and e-mail on August 2 and 3, 2023, to prepare this proposed plan.

### CASE SUMMARY

**PLAINTIFF'S THEORY OF LIABILITY**:

Plaintiff alleges that Defendant terminated Plaintiff's employment in violation of the terms of the employment agreement between Plaintiff and Defendant by failing to provide the proper notice of termination. Plaintiff further claims that Defendant wrongfully terminated Plaintiff and that Defendant was unjustly enriched by Plaintiff's actions by retaining the

significant benefit conferred upon Defendant by Plaintiff in negotiating and securing for Defendant many business deals that were significantly financially beneficial for Defendant and for which Plaintiff was to be compensated for via commission. Plaintiff also claims that Defendant breached the implied covenant of good faith and fair dealing by: 1) terminating Plaintiff after seeking to negotiate in good faith about the commission that was owed to Plaintiff; 2) misrepresenting to Plaintiff that his commission would be negotiated based upon the commission paid to others in similar positions to Plaintiff in other independent baseball leagues; and, 3) by using a termination clause that Defendant had represented would not be used.

**THEORY OF DEFENSE**:

Defendant acknowledges that it terminated Plaintiff, and contends that it did so in compliance with the terms of the employment agreement between Plaintiff and Defendant, and that, in particular, Defendant provided timely and sufficient notice. Defendant further states as follows: Defendant denies that it was unjustly enriched by any actions taken by Plaintiff, Defendant denies that Defendant and Plaintiff had reached any agreement concerning commissions, Defendant denies that it had any obligation to reach agreement concerning commissions, so long as Defendant acted and negotiated in good faith, which it did, Defendant states that even if the Parties had reached an agreement concerning commissions, which they had not, Plaintiff had not generated any additional revenue which would warrant payment of commissions, Defendant denies that it breached the covenant of good faith and fair dealing, and Defendant denies that Plaintiff was terminated in order to avoid paying Plaintiff commissions.

**DAMAGES**:

Plaintiff seeks a total of $815,333.33 in damages, plus any equitable restitution for the benefits which Plaintiff conferred upon Defendant, plus any and all other relief this Court deems

just and proper. The $815,333.333 is calculated as the remainder of Plaintiff's salary owed for the remaining duration of the employment agreement ($395,833.33), and the commission he should have received pursuant to subsection b. of Section 4 of his employment agreement calculated as 20% of the benefits Plaintiff secured for Defendant ($420,000).

**DEMAND AND OFFER**:

The Parties agree that they are not in a position to submit a meaningful demand or offer at this time.

Plaintiff shall submit a demand by December 6, 2023 and if Defendant opts to make an offer, such offer shall be made by February 7, 2024.

**JURISDICTIONAL QUESTIONS**:

None.

**QUESTIONS OF LAW**:

New Hampshire law related to breach of contract, wrongful termination, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.

**TYPE OF TRIAL**:

Plaintiff requests a jury trial.

## SCHEDULE PROPOSED BY THE PARTIES

**TRACK ASSIGNMENT**:

The Parties propose a standard discovery track that would culminate with a trial date in approximately twelve (12) months and request a trial date in August 2024.

**TRIAL DATE**:

The Parties propose the two-week trial period beginning August 20, 2024.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**:

If Defendant claims that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.,* 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than September 29, 2023. In the event Defendant makes such disclosure, Plaintiff shall have until October 30, 2023 to amend his Complaint.

**AMENDMENT OF PLEADINGS AND JOINDER OF ADDITIONAL PARTIES**:

Plaintiff: Plaintiff shall have until October 30, 2023 to amend his Complaint and join any additional parties.

Defendant: Defendant shall have until November 30, 2023 to amend its pleadings.

**THIRD PARTY ACTIONS**:

The Parties shall have until November 30, 2023 to bring any third-party actions.

**MOTIONS TO DISMISS**:

October 13, 2023.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

Plaintiff: January 5, 2024

Defendant: February 16, 2024

Supplementations under Rule 26(e) due: March 8, 2024

**COMPLETION OF DISCOVERY**:

Date all discovery complete: March 29, 2024.

**MOTIONS FOR SUMMARY JUDGMENT**:

Due date: April 19, 2024

4

**CHALLENGES TO EXPERT TESTIMONY**:

Due date:  June 28, 2024 [45 days prior to trial date]

## DISCOVERY PROPOSED BY PARTIES

**DISCOVERY NEEDED**:

<u>Plaintiff</u>:  Plaintiff anticipates discovery related to evidence that supports his claims in this litigation, including but not limited to:

a) All documents and communications between the Parties related to Defendant's hiring of Plaintiff and his ultimate termination;

b) All internal documents and communications at Defendant related to the hiring of Plaintiff;

c) All internal documents and communications at Defendant related to the performance of Plaintiff while employed by Defendant;

d) All internal documents and communications at Defendant leading to the decision to terminate Plaintiff's employment;

e) All documents and communications related to the negotiation of Plaintiff's Employment Agreement;

f) All documents and communications related to Defendant's hiring of a replacement for Plaintiff;

g) All documents and communications related to Defendant's revenue and profit due to the direct actions of Plaintiff; and

h) All other documents and communications deemed likely to be relevant to the claims made by Plaintiff or any of the defenses asserted by Defendant.

<u>Defendant</u>:  Defendant anticipates discovery related to the following:

a) All documents and communications deemed likely to be relevant to the claims made by Plaintiff and/or the defenses asserted by Defendant.

b) any other topics that may be relevant upon further discovery.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

The Parties shall exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) by September 15, 2024.

**INTERROGATORIES**:

Except as ordered by the Court for good cause shown, the Parties may serve up to a total of 25 interrogatories (including discrete subparts) upon each other.

Responses are due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION**:

Except as ordered by the Court for good cause shown, the Parties may serve up to a total of 25 requests for admission upon each other, with such total not including any requests for admission for purposes of authentication only.

Responses are due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR PRODUCTION**:

Except as ordered by the Court for good cause shown, the Parties may serve up to a total of 45 requests for production upon each other.

Responses are due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**:

Unless otherwise agreed upon by the Parties or with prior leave of court, the Parties shall be limited to a maximum of ten fact depositions by Plaintiff and ten fact depositions by Defendant. Each deposition is limited to a maximum of seven hours unless extended by agreement of the parties or if a deponent testifies individually and on behalf of a corporate entity. In the event a deponent testifies individually and as a Rule 30(b)(6) witness on behalf of a corporate entity, that shall be counted as two depositions for purposes of this provision.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**:

The Parties propose the following procedures for the preservation, disclosure and management of electronically stored information ("ESI"):

The Parties shall preserve ESI on existing servers and other devices in their respective possession, custody and control related to the discovery issues listed above. Counsel for the Parties will confer in response to specific discovery requests regarding the form in which ESI will be produced, search terms to be applied in connection with the retrieval and production of such information in single batch or in phases, the location and format of ESI, and the allocation of costs of assembling and producing such information. Unless the Parties agree otherwise, and unless warranted by the special request of one Party upon the other, each of the Parties shall cover its own discovery expenses. Unless the Parties agree otherwise, electronic files shall be produced in PDF or native format. Excel spreadsheets, audio and video files shall be produced in native format.

**THE PARTIES' STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**:

In the event that information or materials subject to the attorney-client privilege or the work product doctrine (including trial preparation materials) are inadvertently disclosed, the Parties propose that the provisions of Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B) shall apply.  The Parties propose that in the event a disclosing party inadvertently produces privileged materials or materials protected by the work product doctrine, the producing party will promptly notify the receiving party of such disclosure, and the receiving party will promptly return or sequester all information so identified until the claim of privilege or protection has been resolved.  The Parties further propose that should privileged or protected materials be inadvertently produced during discovery, such material shall not constitute a general waiver of the applicable privilege.

In the event the Parties agree otherwise, the Parties shall supplement this proposed Stipulation accordingly.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES**:

Cannot be evaluated at this time.

**JOINT STATEMENT RE: MEDIATION**:

Mediation is premature at this time.  However, mediation, if any, shall occur on or before June 7, 2024 and the Parties shall apprise the court of any mediation date once scheduled.

**TRIAL ESTIMATE**:  5 days

**WITNESSES AND EXHIBITS**:

These dates will be set by the Clerk's Notice of Trial Assignment.

**PRELIMINARY PRETRIAL CONFERENCE**:

The Parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JON DANOS |
|  | By His Attorneys |
|  | MCLANE MIDDLETON, PROFESSIONAL ASSOCIATION |
| Dated:  August 3, 2023 | /s/ Jeremy T. Walker_____ |
|  | Jeremy T. Walker, NH Bar No. 12170 |
|  | 900 Elm Street, P.O. Box 326 |
|  | Manchester, NH 03105-0326 |
|  | (603) 628-1431 |
|  | Jeremy.walker@mclane.com |
|  | FRONTIER PROFESSIONAL BASEBALL, INC. |
|  | By Its Attorneys |
|  | BURNS & LEVINSON LLP |
| Dated:  August 3, 2023 | /s/ Laura L. Carroll_____ |
|  | Laura L. Carroll, NH Bar No. 17444 |
|  | 125 High Street |
|  | Boston, MA 02110 |
|  | (617) 345-3000 |
|  | Email:  lcarroll@burnslev.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2023, a true and correct copy of the foregoing was filed electronically and will be to all parties by operation of the Court's electronic filing system. Parties may also access this filing through the Courts CM/ECF system.

/s/ Jeremy T. Walker_____
Jeremy T. Walker, Esq.